UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rick Potocki,            Case No. 3:24-cv-111

    Plaintiff,

v.            ORDER

Grob Systems, Inc.,

    Defendants.

On January 19, 2024, I issued an order alerting Plaintiff that the jurisdictional allegations in the Complaint were insufficient to invoke this court's diversity jurisdiction, as he sought to do. Doc. No. 3). Specifically, I stated,

> In the Complaint, Plaintiff states, "GROB Systems, Inc. ("GROB") is a foreign corporation that operates a business located at 1070 Navajo Drive, Bluffton, Ohio 45817." (Doc. No. 1 at 1). Plaintiff fails to state Defendant's place of incorporation or whether the address provided is Defendant's principal place of business. Without this information, I cannot determine Defendant's citizenship and, in turn, cannot conclude complete diversity exists.

(*Id.* at 1).

I gave Plaintiff the opportunity to cure the deficiency and ordered that, "[t]o avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement the Complaint by filing an affidavit of jurisdiction on or before March 29, 2024. *See* Fed. R. Civ. P. 12(h)(3). In this affidavit, Plaintiff shall state Defendant's place of incorporation and principal place of business." (*Id.* at 2).

Plaintiff filed an affidavit on April 1, 2024, stating Defendant "is a corporation formed under the laws of Delaware" and is therefore a citizen of Delaware (Doc. No. 7 at 1). But Plaintiff says

nothing of Defendant's principal place of business. Therefore, from Plaintiff's submission, I cannot conclude Defendant is only a citizen of Delaware as Plaintiff alleges.

Before Plaintiff filed the deficient affidavit, Defendant filed its answer and corporate disclosure statement. (Doc. Nos. 5 & 6). In the answer, Defendant admits it "is a foreign corporation that operates a business at 1070 Navajo Drive, Bluffton, Ohio 45817." (Doc. No. 5 at 1). In the corporate disclosure statement, Defendant affirms it "is organized under the laws of Delaware and located in Bluffton, Ohio." (Doc. No. 6 at 1). From this, I find it appropriate to conclude Defendant's principal place of business is located in Bluffton, Ohio, making it a citizen of Delaware and Ohio.

Because Plaintiff resides in Bluffton, Ohio, he is also a citizen of Ohio. (Doc. No. 1 at 1; Doc. No. 7 at 1). Therefore, complete diversity does not exist, and Plaintiff's attempt to invoke this court's diversity jurisdiction was not proper. This action must be dismissed for lack of subject matter jurisdiction.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge